UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Case No. | 1:21-CR-35-HAB |
| | ) | | 1:22-CV-429-HAB |
| CALVIN MITCHELL | ) | | |

**OPINION AND ORDER**

Now before the Court is Defendant's motion for leave to appeal in forma pauperis ("IFP"). (ECF No. 95). In that motion, Defendant asks to appeal this Court's denial of his petition under 28 U.S.C. § 2255 without paying the filing fee. Because the Court finds that the appeal is not taken in good faith, Defendant's motion will be denied.

In his notice of appeal (ECF No. 94), Defendant states that he is appealing from this Court's May 30, 2024, opinion and order denying his § 2255 petition. (*Id*. at 1). Nothing out of the ordinary there. But then Defendant identifies the issue he wishes to appeal in his "Notice of Appeal Memorandum." (*Id*. at 2). There, he argues that his defense counsel was ineffective for failing "to determine whether career offender status were [sic] properly applied," and specifically that counsel failed to conduct a "categorical approach analysis." (*Id*.). That is a problem.

To the Court's knowledge, this is the first time Defendant has raised the idea that his prior state court convictions did not qualify him as a career offender under U.S.S.G. § 4B1.1(b)(1). This argument was not raised in any of his petitions, amendments, or motions to correct. In fact, the Court specifically noted that Defendant was *not* making this argument in its opinion and order denying his § 2255 petition. (ECF No. 92 at 10, fn. 2).

In a habeas case, like any other federal proceeding, the "law is clear that any claim not presented to the district court is waived on appeal." *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002) (collecting cases). Defendant, then, has waived his only stated ground for appeal.

With his appeal waived, the Court cannot find that he is eligible to appeal IFP. When ruling on an IFP appeal request, the Court must determine whether Defendant is "unable to pay" the appellate filing fee and whether the appeal is "taken in good faith." 28 U.S.C. § 1915(a)(1), (3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Of course, a waived argument has no merit. Defendant's appeal is not taken in good faith, and his request to appeal IFP is denied.

The Court stresses that Defendant's notice of appeal reflects how he has approached the § 2255 process from the beginning. Intentionally or not, Defendant has presented the Court and the Government with a moving target. He has repeatedly sought to amend his petition, presenting grounds different in time, scope, and subject matter from those presented previously. This has multiplied the work for the Court and the Government. That he is now trying to do the same for the Seventh Circuit is of little surprise.

For these reasons, Defendant motion for leave to appeal in forma pauperis (ECF No. 95) is DENIED.

SO ORDERED on June 20, 2024.

> s/ *Holly A. Brady*
> CHIEF JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT